## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT PLEICKHARDT,<br><br>           Plaintiff,<br><br>v.<br><br>GIBBONS FORD, L.P., JOHN GROW, and JOHN GROW d/b/a GIBBONS FORD,<br><br>           Defendants. | CIVIL ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Civ. No. _____<br><br>Electronically Filed |

Plaintiff, Scott Pleickhardt, by his counsel, Law Office of Peter C. Wood, Jr., PC, brings this action against Defendants, Gibbons Ford, L.P., John Grow, and John Grow d/b/a Gibbons Ford, and alleges upon knowledge as to himself and his own acts, and otherwise upon information and belief, as follows:

## **PARTIES**

1. Plaintiff Scott Pleickhardt ("Plaintiff") is an adult individual residing at 2131 Second Avenue, Jefferson Township, Pennsylvania 18436.

2. Defendant Gibbons Ford, L.P. ("Gibbons L.P.") is a Pennsylvania limited partnership with a principal place of business located at 704 Martin F. Gibbons Boulevard, Dickson City, Pennsylvania 18519.

3. Defendant John Grow ("Grow") is an adult individual and managing partner of Defendant Gibbons L.P. At all times relevant and material herein, Defendant Grow acted in the interest of Defendant Gibbons L.P.

4. Defendant Gibbons Ford is a fictitious name under which Defendant Grow does business.

5. Defendants Gibbons L.P., Grow, and Gibbons Ford shall be hereinafter collectively referred to as "Defendants" or the "Company."

6. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's federal claims in accordance with 28 U.S.C. § 1331 because this civil action arises under a law of the United States and seeks redress for violations of a federal law. This Court has jurisdiction over Plaintiff's state law claims because they are supplemental to Plaintiff's underlying federal claims and derive from a common nucleus of operative facts pursuant to 28 U.S.C. § 1367.

8. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this Commonwealth and this

judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

9. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

10. Defendants are engaged in the interstate purchase, sale, and servicing of automobiles and parts.

11. Plaintiff was hired by Defendants as a service advisor in early November 2016.

12. Plaintiff and Defendants agreed that Plaintiff would be paid a weekly salary of $500.00, plus commissions based on his labor sales.

13. Plaintiff resigned from the Company on or around December 17, 2016.

14. Following Plaintiff's resignation, he did not receive his final paycheck in a timely fashion, so he called the Company on several occasions to inquire as to the status of the paycheck. Despite Plaintiff's repeated inquiries, Defendants did not mail the paycheck until January 13, 2017. (A true and correct copy of the January 13, 2017 paycheck is attached hereto as Exhibit "A".)

15. According to the earnings statement accompanying the paycheck, Plaintiff earned a base salary of $500.00 during his final week of employment with the Company. (A true and correct copy of the earnings statement is attached hereto as Exhibit "B".) The earnings statement, however, itemized several "accounts receivable" deductions, certain of which were handwritten, totaling $365.12. *See* Exhibit B. Thus, Plaintiff was paid a pre-tax base salary of $134.88.

16. Plaintiff's final paycheck was also accompanied by a commission statement, which indicated that Defendants had withheld $342.46 of his $388.23 commission due to a similar "accounts receivable" deduction. (A true and correct copy of the commission statement is attached hereto as Exhibit "C".)

17. Plaintiff called the Company's payroll department upon receipt of his paycheck and asked for an explanation for the deductions. Plaintiff was told that the deductions represented charges incurred by the Company for alleged damage to customer vehicles purportedly caused by Plaintiff.

18. At no time did Plaintiff cause damage to a customer's vehicle. Plaintiff therefore requested proof of the alleged charges incurred by the Company, at which point the representative with whom he was speaking stated that she could no longer help him and abruptly hung up the phone.

# COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Minimum Wage)**

19. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

20. At all times relevant and material herein, Defendants were engaged in interstate commerce and/or the production of goods for commerce, and had annual gross revenues in excess of $500,000.00.

21. At all times relevant and material herein, Defendants were "employer[s]" within the meaning of 29 U.S.C. § 203(d).

22. At all times relevant and material herein, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

23. At all times relevant and material herein, Defendants had control over Plaintiff's pay.

24. Service advisors, including Plaintiff, must be paid a minimum hourly wage of $7.25 under the Fair Labor Standards Act ("FLSA").

25. Plaintiff's final paycheck covered the pay period beginning on December 12, 2016, and ending on December 25, 2016. Between December 12, 2016 and December 17, 2016 – Plaintiff's last day of work – Plaintiff worked

approximately 52 hours. Plaintiff was paid a gross salary of $500.00 for those 52 hours.

26. The earnings statement accompanying Plaintiff's final paycheck indicated that Defendants made two "accounts receivable" deductions totaling $365.12 from Plaintiff's gross salary, resulting in a pre-tax salary of $134.88.

27. Plaintiff also received a commission statement which indicated that Defendants had withheld $342.46 of his $388.23 commission due to a similar "accounts receivable" deduction.

28. Accordingly, Plaintiff earned less than minimum wage for each hour worked during his final week of employment with the Company.

29. Defendants' conduct constituted a willful violation of the FLSA.

30. Due to the Defendants' willful FLSA violation, Plaintiff is entitled to recover his unpaid minimum wages, an additional equal amount as liquidated damages, punitive damages, as well as reasonable attorneys' fees and costs and disbursements of this action.

## COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Failure to Maintain Records)

31. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

32. 29 U.S.C. § 211(c) requires a covered employer to keep records of the number of hours worked by its employees.

33. Upon information and belief, Defendants did not keep a record of the hours worked by Plaintiff. In fact, the earnings statements accompanying Plaintiff's paychecks routinely displayed Plaintiff's hours worked as "40.00," although he regularly worked more than 40 hours per week.

34. Through their conduct, Defendants violated the FLSA.

35. Plaintiff therefore requests all such relief that this Court deems appropriate.

## **COUNT III**

**VIOLATION OF THE WAGE PAYMENT AND COLLECTION LAW**
**(Failure to Pay Salary as Agreed)**

36. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

37. At all times relevant and material herein, Defendants were "employers" within the meaning of 43 P.S. § 260.2a.

38. At all relevant times herein, Plaintiff was employed by Defendants.

39. At all times relevant and material herein, Defendants had control over Plaintiff's pay.

40. The Pennsylvania Wage Payment and Collection Law ("WPCL") states that "wages shall be paid in lawful money of the United States or check, except that deductions provided by law, or as authorized by regulation of the Department of Labor and Industry for the convenience of the employe, may be made," and that "[w]henever an employe quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable." 43 P.S. §§ 260.3, 260.5.

41. Plaintiff and Defendants agreed that Plaintiff would be paid a weekly salary of $500.00, as well as commissions based on his labor sales.

42. Defendants made "accounts receivable" deductions in a total amount of $707.58 from Plaintiff's final salary and commission payments. The deductions were not authorized by Plaintiff and were not permitted by law.

43. Through their conduct, Defendants willfully violated the WPCL, causing Plaintiff to suffer damages.

44. Plaintiff demands payment of all wages due, an amount equal as liquidated damages in accordance with 43 P.S. § 260.10, punitive damages, and reasonable attorneys' fees.

## COUNT IV

**VIOLATION OF THE WAGE PAYMENT AND COLLECTION LAW**
**(Failure to Timely Pay Final Paycheck)**

45. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

46. At all times relevant and material herein, Defendants were "employers" within the meaning of 43 P.S. § 260.2a.

47. At all relevant times herein, Plaintiff was employed by Defendants.

48. At all times relevant and material herein, Defendants had control over Plaintiff's pay.

49. The WPCL states that "[e]very employer shall pay all wages . . . due to his employes on regular paydays designated in advance by the employer," and that "[w]henever an employe quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable." 43 P.S. §§ 260.3, 260.5.

50. Plaintiff resigned on December 17, 2016. The next regular payday following Plaintiff's resignation was December 30, 2016. Plaintiff's final paycheck, however, was dated January 13, 2017, and was not mailed until Plaintiff made several demands for payment.

51. Through their conduct, Defendants violated the WPCL.

52. Plaintiff therefore requests all such relief that this Court deems appropriate.

## COUNT V

**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**
**(Failure to Pay Minimum Wage)**

53. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

54. At all times relevant and material herein, Defendants were "employer[s]" within the meaning of 43 P.S. § 333.103(g).

55. At all times relevant herein, Plaintiff was an "employe" within the meaning of 43 P.S. § 333.103(h).

56. At all times relevant and material herein, Defendants had control over Plaintiff's pay.

57. Service advisors, including Plaintiff, must be paid a minimum hourly wage of $7.25 under the Pennsylvania Minimum Wage Act ("MWA").

58. Plaintiff's final paycheck covered the pay period beginning on December 12, 2016, and ending on December 25, 2016. Between December 12, 2016 and December 17, 2016 – Plaintiff's last day of work – Plaintiff worked

approximately 52 hours.  Plaintiff was paid a gross salary of $500.00 for those 52 hours.

59. The earnings statement accompanying Plaintiff's final paycheck indicated that Defendants made two "accounts receivable" deductions totaling $365.12 from Plaintiff's gross salary, resulting in a pre-tax salary of $134.88.

60. Plaintiff also received a commission statement which indicated that Defendants had withheld $342.46 of his $388.23 commission due to a similar "accounts receivable" deduction.

61. Accordingly, Plaintiff earned less than minimum wage for each hour worked during his final week of employment with the Company.

62. Defendants' conduct constituted a willful violation of the MWA.

63. Due to the Defendants' violation of the MWA, Plaintiff is entitled to recover his unpaid minimum wages and reasonable attorneys' fees.

## **COUNT VI**

**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**
**(Failure to Maintain Records)**

64. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

65. 43 P.S. § 333.108 and 34 Pa. Code § 231.31 require an employer to keep a true and accurate record of, among other items, the hours worked each day

and each workweek by its employees. In addition, 34 Pa. Code § 231.36 requires an employer to furnish a statement to all employees with each payment of wages indicating the number of hours worked during the specific pay period.

66. Upon information and belief, Defendants did not keep records of the hours worked by Plaintiff.

67. Defendants did not provide a statement to Plaintiff that accurately indicated the number of hours worked during each pay period. Instead, the earnings statements accompanying Plaintiff's paychecks routinely displayed Plaintiff's hours worked as "40.00," regardless of the actual hours worked by Plaintiff.

68. Through their conduct, Defendants violated the MWA.

69. Plaintiff therefore requests all such relief that this Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for an Order awarding:

a) Compensatory, liquidated, and punitive damages;

b) Pre-judgment interest;

c) Attorneys' fees and costs; and

d) All other relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby requests a jury trial on all issues so triable.

Respectfully submitted,

**Law Office of Peter C. Wood, Jr., PC**

Date: 3/6/2017  BY: s/ Peter C. Wood, Jr.
Peter C. Wood, Jr., Esq.
(PA. I.D. # 310145)

230 Wyoming Avenue, Suite 5
Kingston, PA 18704
Phone: (570) 234-0442
Fax: (570) 266-5402
peter@pcwlawoffice.com

*Attorney for Plaintiff*